IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta Division

| | |
|---|---|
| LISA THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-02618-MHS-LTW |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES**

Defendant Equifax Information Services LLC ("Equifax") hereby files its Answer and Defenses to Plaintiff's Complaint.

**ANSWER**

Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that this action purports to be brought pursuant to the Fair Credit Reporting Act ("FCRA") and various state laws. Equifax denies that it violated the FCRA or any state law, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief

requested.

2. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that jurisdiction is proper in this Court.

3. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits that venue is proper in this Court.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

5. Equifax admits the allegations contained in Paragraph 5 of the Complaint.

6. Equifax denies the allegations contained in Paragraph 6 of the Complaint.

7. Equifax denies the allegations contained in Paragraph 7 of the Complaint.

8. Equifax denies the allegations contained in Paragraph 8 of the Complaint.

9. Equifax denies the allegations contained in Paragraph 9 of the Complaint.

10. Equifax denies the allegations contained in Paragraph 10 of the Complaint.

11. Equifax denies the allegations contained in Paragraph 11 of the Complaint.

12. Equifax denies the allegations contained in Paragraph 12 of the Complaint.

13. Equifax denies the allegations contained in Paragraph 13 of the Complaint.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Equifax denies the allegations contained in Paragraph 15 of the Complaint

16. Equifax restates and incorporates its answers and defenses to Paragraphs 1-15.

17. Equifax admits the allegations contained in Paragraph 17 of the Complaint.

18. Equifax admits the allegations contained in Paragraph 18 of the Complaint.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Equifax denies the allegations contained in Paragraph 20 of the Complaint.

21. Equifax denies the allegations contained in Paragraph 21 of the Complaint.

22. Equifax restates and incorporates its answers and defenses to Paragraphs 1-21.

23. Equifax denies the allegations contained in Paragraph 23 of the Complaint.

24. Equifax denies the allegations contained in Paragraph 24 of the Complaint.

25. Equifax denies the allegations contained in Paragraph 25 of the Complaint.

26. Equifax denies the allegations contained in Paragraph 26 of the Complaint.

27. Equifax denies the allegations contained in Paragraph 27 of the Complaint.

28. Equifax denies the allegations contained in Paragraph 28 of the

Complaint.

29. Equifax denies the allegations contained in Paragraph 29 of the Complaint.

30. Equifax denies the allegations contained in Paragraph 30 of the Complaint.

31. Equifax denies the allegations contained in Paragraph 31 of the Complaint.

32. Equifax denies the allegations contained in Paragraph 32 of the Complaint.

33. Equifax restates and incorporates its answers and defenses to Paragraphs 1-32.

34. Equifax denies the allegations contained in Paragraph 34 of the Complaint.

35. Equifax denies the allegations contained in Paragraph 35 of the Complaint.

36. Equifax admits that Plaintiff has demanded a jury trial.

37. Equifax denies that Plaintiff is entitled to any of the damages or relief set forth in Plaintiff's Prayer For Relief.

38. Any allegation contained in Plaintiff's Complaint not heretofore

specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint. Equifax reserves the right to add additional defenses that it learns through the course of discovery.

### First Defense

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted. The Complaint and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Equifax and further fails to state facts sufficient to entitle the plaintiff to the relief sought, or to any other relief whatsoever, from Equifax. Equifax adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the Supreme Court of the United States in the following cases: *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

### Second Defense

At all pertinent times, Equifax maintained reasonable procedures to ensure maximum possible accuracy in its credit reports.

### Third Defense

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

### Fourth Defense

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

### Fifth Defense

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### Sixth Defense

Plaintiff's claim for punitive damages is barred by the provisions of 15 U.S.C. § 1681n.

### Seventh Defense

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme

Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) This lawsuit be deemed frivolous and Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) Equifax recover such other and additional relief, as the Court deems just and appropriate.

Dated: October 25, 2011

                                          Respectfully submitted,

                                          KING & SPALDING LLP

                                          By:   Betsey L. Tate
                                          Betsey L. Tate
                                          Georgia Bar No. 401088
                                          1180 Peachtree Street N.E.
                                          Atlanta, Georgia  30309-3521
                                          Tel:  (404) 572-4600
                                          Fax:  (404) 572-5100
                                          Email:   btate@kslaw.com
                                          Attorney for Equifax Information
                                                   Services LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: October 25, 2011

/s/ Betsey L. Tate
Betsey L. Tate